# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA OFFICE OF MINERS'**
**HEALTH, SAFETY AND TRAINING,**
**Petitioner Below, Petitioner**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-160**          (Bd. of Appeals, No. 20-D-53)

**ANTHONY ALBERT,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Office of Miners' Health, Safety and Training ("OMHST") appeals the September 12, 2022, order from the Board of Appeals ("Board"), which reinstated respondent Anthony Albert's mining certifications.[1] The issue on appeal is whether the Board erred in finding that OMHST failed to meet its burden of proof to show that Mr. Albert failed a properly conducted alcohol breath test during a random alcohol screening by his employer.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision. As explained below, we find that the Board erred in reaching its decision by applying the wrong legal standard to the facts of this case. Accordingly, a memorandum decision reversing the Board's order and remanding the matter is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

On September 14, 2020, while working for a coal mining company, Mr. Albert was selected by his employer to submit to a random alcohol screen.[2] Mr. Albert was administered a breath test by Jennifer Ellis, who is certified by the Department of Transportation ("DOT") as an alcohol breath technician. The test was administered at 10:35 p.m. using a Lifeloc Phoenix 6.0, a DOT approved breathalyzer device. Following this test, Ms. Ellis informed Mr. Albert that his blood alcohol level ("BAC") was 0.059. This

---

[1] OMHST is represented by John H. Boothroyd, Esq. Mr. Albert is self-represented and did not participate in this appeal.

[2] OMHST requires employers to have a random drug and alcohol testing program pursuant to West Virginia Code § 22A-1A-1 (2019) and West Virginia Code of State Rules § 56-19-5 (2020).

1

constituted a failed tested because it was above the permissible limit of 0.04 BAC. *See* W. Va. Code R. § 56-19-5. Mr. Albert immediately questioned the accuracy of the testing device and its results.

In response to Mr. Albert's concerns regarding the validity of his initial test, Ms. Ellis retrieved a new, properly calibrated, Lifeloc Phoenix 6.0 device. Ms. Ellis then waited fifteen minutes before performing the second test. During this waiting period, Ms. Ellis directly observed Mr. Albert before administering the second test at 10:50 p.m. The test reported Mr. Albert's BAC to be 0.051, which was also above the permitted threshold.

On November 19, 2020, OMHST temporarily suspended Mr. Albert's certifications based on the positive screen pending a hearing before the Board pursuant to West Virginia Code § 22A-1A-1(d)(4) (2019) and West Virginia Code of State Rules § 56-19-5. Mr. Albert timely exercised his right to this Board hearing.

A hearing was held before the Board on January 13, 2021. During the hearing, OMHST presented testimony from Ms. Ellis regarding the administration of the two tests to Mr. Albert at his place of employment on the night of September 14, 2020. Following the close of OMHST's case-in-chief, the Board denied the admission of Mr. Albert's test results into evidence and ordered that Mr. Albert's mining certifications be reinstated. The Board memorialized its findings in an order dated September 12, 2022, order.[3]

In its order, the Board found that the applicable standards for properly conducting chemical tests for intoxication were set forth in West Virginia Code of State Rules § 64-10-7.2 (2021). This rule sets forth the following:

> The following general methods apply in extracting breath for secondary breath analysis:
>
> (a) The law enforcement officer shall keep the person being tested under constant observation for a period of twenty minutes before the test is administered to insure that the person has nothing in his or her mouth at the time of the test and that he or she has had no food or drink or foreign matter in his or her mouth during the observation period.
> (b) The certified instrument officer conducting the alcohol breath analysis shall perform the evidential test sequence to ensure that the instrument is in proper working condition at the time the person's alcohol breath analysis test

---

[3] The Board's original order was entered on January 28, 2021, and was appealed by OMHST to the Circuit Court of Kanawha County. On July 13, 2021, the circuit court remanded the case to the Board for entry of a new order setting forth detailed findings of facts and conclusions of law to support the Board's ruling. This new order, dated September 12, 2022, is the order now on appeal.

is being conducted.

(c) The alcohol breath analysis shall be administered by a certified instrument operator and in accordance with this rule.

(d) The certified instrument operator conducting the secondary alcohol breath analysis shall use an individual disposable mouthpiece for each person tested.

*Id.* Notably, Title 64 of the West Virginia Code of State Rules is entitled *Bureau for Public Health—Department of Health and Human Resources*. Applying these provisions, the Board found that OMHST failed to prove that it had complied with the Rule. Specifically, the Board found that Ms. Ellis did not testify that she observed Mr. Albert for twenty minutes prior to administering the second test; that Ms. Ellis did not testify that Mr. Albert had nothing in his mouth at the time of the test, nor that he had no food, drink, or foreign matter in his mouth during the observation period; and that Ms. Ellis did not testify that she used an individual disposable mouthpiece to perform the testing. It is from this ruling that OMHST now appeals.

Our review of this matter is governed by the State Administrative Procedures Act, and it provides:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 22A-1A-2(d) (2019) (stating judicial review of OMHST Board of Appeals decision is governed by the State Administrative Procedures Act, West Virginia Code § 29A-5-4).

On appeal, OMHST avers that the Board erred by failing to apply the correct testing standards and procedures to its ruling. In support, OMHST states that pursuant to West Virginia Code § 22A-1A-1, OMHST has adopted the testing procedures set forth by the United States DOT in Title 49, Section 40, of the Code of Federal Regulations, and that those procedures are reflected in the rules adopted by OMHST and codified in Title 56,

3

Section 19, of the West Virginia Code of State Rules, which is entitled *Office of Miners' Health, Safety[,]* and *Training*. Therefore, OMHST maintains that the Board was required to apply the provisions of Title 56 to its ruling. We agree.

As adopted by the Legislature, OMHST's rules set forth that, as part of its breath alcohol testing requirements,

> [t]he alcohol confirmation test shall be a chemical test of breath as provided in 49 CFR Part 40, Subpart M, taken using an evidential breath testing device listed on the National Highway Traffic Safety Administration's (NHTSA) most current Conforming Products List and conducted by a breath alcohol technician meeting the training requirements found in 49 CFR Part 40, Subpart J.

W. Va. Code R. § 56-19-5.6 (2020). Further, these rules define the terms "breath" and "breath test for alcohol" as follows:

> The term "breath test" or "breath test for alcohol" shall mean a chemical test of a person's breath to determine the amount of alcohol he/she has consumed, as provided in 49 CFR Part 40, Subpart M, taken using an evidential breath testing device listed on the National Highway Traffic Safety Administration (NHTSA) most current Conforming Products List and conducted by a breath alcohol technician meeting the training requirements found in 49 CFR Part 40, Subpart J.

W. Va. Code R. § 56-19-3.5 (2020). Moreover, the stated purpose of these procedural rules is to "implement the mandate of [West Virginia] Code § 22A-1A-1, et seq." *See* W. Va. Code R. § 56-19-2 (2020).

Conversely, Title 64 states that its procedural rules "shall apply to every person, partnership, association, corporation, or public corporation affected by any rules, regulations, or statutes enforceable by the bureau for public health." W. Va. Code R. § 64-1-2.1 (2011). Additionally, as it relates to the testing standards applied by the Board, Title 64 states that the scope of that rule establishes "the methods and standards relating to implied consent for chemical test for intoxication pursuant to appropriate articles of Chapter 17C of the West Virginia Code." W. Va. Code R. § 64-10-1 (2005).

Upon review, we find that the plain language of Title 56 compels us to conclude that the Board erred in its application of Title 64 to the merits of this case. Not only is Title 56 of the West Virginia Code of State Rules specific to OMHST, but also, the rules were created to enforce OMHST's statutory mandate as set forth within the provisions of Chapter 22A of our code, which contains the statutory provisions governing OMHST. *See* W. Va. Code R. § 56-19-2. As part of this mandate, OMHST's drug and alcohol screening

programs must comport with the procedures outlined in the Code of Federal Regulations which, as noted by OMHST, contains different requirements from those relied upon by the Board.[4]

We further find that Title 64 of the West Virginia Code of State Rules has no application to OMHST or a coal miner's certification. Significantly, the scope of the rule relied upon by the Board, West Virginia Code of State Rules § 64-10-7.2, is limited to chemical testing performed under Chapter 17C of our code. *See* W. Va. Code R. § 64-10-1. However, the testing in this case was performed pursuant to Chapter 22A. A review of Title 64 shows its rules apply to, among other things, public waterways, reportable diseases, childcare centers, behavioral health center, and food establishments. Critically, however, there is nothing within Title 64, which brings OMHST or a coal miner's certifications within its purview. Therefore, we find that the Board's order must be reversed based on its erroneous application of law and remanded for entry of a new order.

Accordingly, we reverse the Board's September 12, 2022, order and remand the matter to the Board for entry of new order applying the proper standards to the existing record from the January 13, 2021, hearing.

Reversed and Remanded.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[4] For example, the federal regulations adopted by OMHST impose a fifteen-minute observation period instead of the twenty-minute period cited by the Board. *See* 40 C.F.R. § 40.251 (2017).